WRIGHT, FINLAY & ZAK, LLP
Dana Jonathon Nitz, Esq.
Nevada Bar No. 0050
Shadd A. Wade, Esq.
Nevada Bar No. 11310
7785 W. Sahara Ave., Suite 200
Las Vegas, NV 89117
(702) 475-7964; Fax: (702) 946-1345
dnitz@wrightlegal.net
swade@wrightlegal.net
*Attorneys for Plaintiff, HSBC Bank USA, N.A., as Trustee on behalf of ACE Securities Corp. Home Equity Loan Trust and for the registered holders of ACE Securities Corp. Home Equity Loan Trust, Series 2006-ASAP4, Asset Backed Pass-Through Certificates*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| HSBC BANK USA, N.A., AS TRUSTEE ON BEHALF OF ACE SECURITIES CORP. HOME EQUITY LOAN TRUST AND FOR THE REGISTERED HOLDERS OF ACE SECURITIES CORP. HOME EQUITY LOAN TRUST, SERIES 2006-ASAP4, ASSET BACKED PASS-THROUGH CERTIFICATES, <br><br> Plaintiff, <br><br> vs. <br><br> WILLISTON INVESTMENT GROUP LLC; and CHATEAU BORDEAUX OWNER'S ASSOCIATION; NEVADA ASSOCIATION SERVICES, INC.; <br><br> Defendants. | Case No.: <br><br> **COMPLAINT** |

COMES NOW Plaintiff, HSBC Bank USA, N.A., as Trustee on behalf of ACE Securities Corp. Home Equity Loan Trust and for the registered holders of ACE Securities Corp. Home Equity Loan Trust, Series 2006-ASAP4, Asset Backed Pass-Through Certificates (hereinafter "Plaintiff"), by and through its attorneys of record, Dana Jonathon Nitz, Esq., and Shadd A. Wade, Esq., of the law firm of Wright, Finlay & Zak, LLP, and hereby files this civil action against the Defendants.

## PARTIES, JURISDICTION AND VENUE

**1.** The real property at issue is known as 1632 North Torrey Pines Drive #202, Las Vegas, Nevada 89108 (hereinafter, the "Property").

**2.** The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332, as all Plaintiff are "citizens of different States" from all defendants and the amount in controversy exceeds $75,000, exclusive of interest and costs. This Court also has original federal question jurisdiction under 28 U.S.C. § 1331 because Plaintiff, HSBC Bank is asserting civil claims arising under the Constitution, laws, or treaties of the United States.

**3.** Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(1)-(2) because Defendant resides in this district; a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district; and the Property that is the subject of this action is situated in this district, in Las Vegas, Clark County, Nevada.

**4.** Plaintiff is a national banking association, with its main office located in Virginia, organized and existing under the laws of the United States.

**5.** Plaintiff is now and at all times relevant herein, the assigned Beneficiary under a Deed of Trust signed by Christian A. Stoldal (hereinafter "Stoldal"), and recorded on April 14, 2006, (hereinafter "Deed of Trust"), which encumbers the Property and secures a promissory note.

**6.** Upon information and belief, Williston Investment Group, LLC (hereinafter "Buyer"), is a Nevada domestic limited-liability Company, licensed to do business in the State of Nevada and claims to be the current titleholder of the Property.

**7.** Upon information and belief, Defendant, Chateau Bordeaux Owner's Association (hereinafter the "HOA") is a Nevada domestic non-profit Corporation, licensed to do business in the State of Nevada, and was the HOA that foreclosed on the Property.

**8.** Upon information and belief, non-party, Nevada Association Services, Inc. (hereinafter "HOA Trustee") was a Nevada limited liability company licensed to do business in

1  the State of Nevada, and acted as the foreclosure trustee, which allegedly mailed and served the
2  foreclosure notices, if any, and cried the foreclosure sale for the HOA.

3      **9.**    In accordance with NRS Chapter 38.310, Plaintiff filed a Nevada Real Estate
4  Division Alternative Dispute Resolution (hereinafter, "NRED") claim on or about November 3,
5  2015, and named the HOA and the HOA Trustee as Respondents.

6      **10.**    The NRED mediation occurred on January 28, 2017.

## GENERAL ALLEGATIONS

8      **11.**    On or about February 28, 2003, Stoldal purchased the Property.[1]

9      **12.**    The Deed of Trust executed by Stoldal identified American Home Mortgage as
10 the Lender and Beneficiary, and First American Title as the Trustee, securing a loan in the
11 amount of $110,000.00 (hereinafter the "Stoldal Loan").[2]

12     **13.**    On January 15, 2014, an Assignment of Deed of Trust was recorded in which
13 American Home Mortgage assigned all beneficial interest in the Deed of Trust to HSBC Bank
14 USA, N.A., as Trustee on behalf of ACE Securities Corp. Home Equity Loan Trust and for the
15 Registered Holders of ACE Securities Corp. Home Equity Loan Trust, Series 2006-ASAP4,
16 Asset Backed Pass-Through Certificates.[3]

17     **14.**    On July 25, 2012, a Notice of Delinquent Assessment ("HOA Lien") was
18 recorded against the Property by Nevada Association Services, Inc. (the "HOA Trustee") on
19 behalf of Chateau Bordeaux Owner's Association (the "HOA").[4]

20     **15.**    On September 13, 2012, a Notice of Default and Election to Sell Under
21 Homeowners Association Lien was recorded against the Property by the HOA Trustee on behalf

---

[1] A true and correct copy of the Grant, Bargain and Sale Deed recorded in the Clark County Recorder's Office as Book and Instrument Number 20030314.01695 is attached hereto as **Exhibit 1**. All other recordings stated hereafter are recorded in the same manner.
[2] A true and correct copy of the Deed of Trust recorded as Book and Instrument Number 20060414-0003643 is attached hereto as **Exhibit 2.**
[3] A true and correct copy of the Assignment recorded as Book and Instrument Number 20140115-0000208 is attached hereto as **Exhibit 3.**
[4] A true and correct copy of the Notice of Delinquent Assessment (Lien) recorded as Book and Instrument Number 20120725-0001167 is attached hereto as **Exhibit 4.**

1 of the HOA, stating that the amount due as of September 10, 2012, was $3,009.50.[5]

2 **16.** On January 24, 2013, a Notice of Foreclosure Sale was recorded against the
3 Property by the HOA Trustee on behalf of the HOA, stating that the amount due as of the initial
4 publication of the Notice of Sale was $4,648.17.[6]

5 **17.** Upon information and belief, pursuant to the Foreclosure Deed, a non-judicial
6 foreclosure sale occurred on March 15, 2013 (hereinafter, the "HOA Sale"), whereby Buyer
7 acquired its interest, if any, in the Property for $5,410.00.[7]

8 **18.** A homeowner's association sale conducted pursuant to NRS Chapter 116 must
9 comply with all notice provisions as stated in NRS 116.31162 through NRS 116.31168 and NRS
10 107.090.

11 **19.** A lender or holder of a beneficial interest in a senior deed of trust, such as
12 Plaintiff and its predecessors-in-interest in the Deed of Trust, has a right to cure a delinquent
13 homeowner's association lien in order to protect its interest.

14 **20.** Further the Declaration of Covenants, Conditions, Restrictions and Reservation of
15 Easements for Chateau Bordeaux Owner's Association ("CC&Rs")[8] require reasonable notice of
16 delinquency to all lien holders on the Property.

17 **21.** Upon information and belief, the HOA and its agent, the HOA Trustee, did not
18 comply with all mailing and noticing requirements stated in NRS 116.31162 through NRS
19 116.31168, or as required by the CC&Rs.

20 **22.** A recorded notice of default must "describe the deficiency in payment."
21 **23.** The above-identified Notice of Default did not properly "describe the deficiency
22 in payment" in violation of NRS Chapter 116.

23

---

24 [5] A true and correct copy of the Notice of Default and Election to Sell recorded as Book and
25 Instrument Number 20120913-0001445 is attached hereto as **Exhibit 5.**
[6] A true and correct copy of the Notice of Foreclosure Sale recorded as Book and Instrument
26 Number 20130124-0001011 is attached hereto as **Exhibit 6.**
27 [7] A true and correct copy of the Foreclosure Deed recorded as Book and Instrument Number
20130321-0003011 is attached hereto as **Exhibit 7.**
28 [8] A true and correct copy of the current HOA CC&R's recorded as Book and Instrument Number
920714.00510 is attached hereto as **Exhibit 8**.

**24.** The HOA assessment lien and foreclosure notices included improper fees and costs in amount demanded.

**25.** The HOA Sale occurred without notice to Plaintiff, or its predecessors, agents, servicers or trustees, what proportion whether any amount of the HOA lien included a super-priority amount.

**26.** The HOA Sale occurred without notice to Plaintiff, or its predecessors, agents, servicers or trustees, whether the HOA was foreclosing on the "super-priority" portion of its lien, if any, or under the non-super-priority portion of the lien.

**27.** The HOA Sale occurred without notice to Plaintiff, or its predecessors, agents, servicers or trustees, of a right to cure the delinquent assessments and the super-priority lien, if any.

**28.** The HOA Sale violated Plaintiff's rights to due process because Plaintiff was not given proper, adequate notice and the opportunity to cure the deficiency or default in the payment of the HOA's assessments and the super-priority lien, if any.

**29.** The HOA Sale was an invalid sale and could not have extinguished Plaintiff's secured interest because of defects in the notices given to Plaintiff, or its predecessors, agents, servicers or trustees, if any.

**30.** Under NRS Chapter 116, a lien under NRS 116.3116(1) can only include costs and fees that are specifically enumerated in the statute.

**31.** A homeowner's association may only collect as a part of the super priority lien (a) nuisance abatement charges incurred by the association pursuant to NRS 116.310312 and (b) nine months of common assessments which became due prior to the institution of an action to enforce the lien.

**32.** Upon information and belief, the HOA Foreclosure Notices included improper fees and costs in the amount demanded.

**33.** The attorney's fees and the costs of collecting on a homeowner's association lien cannot be included in the super-priority lien.

**34.** Upon information and belief, the HOA assessment lien and foreclosure notices

included fines, interest, late fees, dues, attorney's fees, and costs of collection that are not properly included in a super-priority lien under Nevada law and that are not permissible under NRS 116.3102 et seq.

**35.** The HOA Sale did not comply with NRS 116.3102 et seq. because none of the aforementioned notices identified above identified what portion of the claimed lien were for alleged late fees, interest, fines/violations, or collection fees/costs.

**36.** The HOA Sale deprived Plaintiff of its right to due process because the foreclosure notices failed to identify the super-priority amount, to adequately describe the deficiency in payment, to provide Plaintiff notice of the correct super-priority amount, and to provide a reasonable opportunity to satisfy that amount.

**37.** Alternatively, the sale itself was valid but Buyer took its interest subject to Plaintiff's first position Deed of Trust.

**38.** The HOA Sale is unlawful and void because the "opt-in" provision in NRS 116.3116 does not satisfy Constitutional Due Process safeguards under the 5th and 14th Amendment to the United States Constitution, nor Clause 1, Section 8, of the Nevada Constitution, so that the statute is unconstitutional on its face.

**39.** The HOA Sale is unlawful and void because the statutory scheme set forth in NRS 116.3116, et seq. constitutes a regulatory taking of private property without adequate compensation.

**40.** NRS Chapter 116 is unconstitutional on its face as it lacks any express requirement for the HOA or its agents to provide notice of a foreclosure to the holder of a first deed of trust or mortgage.

**41.** NRS Chapter 116 is unconstitutional on its face as it lacks any express requirement for the HOA or its agents to provide notice of the super-priority amount, if any, to the holder of a first deed of trust or mortgage to accept tender of the super-priority amount or any amount from the holder.

**42.** NRS Chapter 116 is unconstitutional on its face due to vagueness and ambiguity.

**43.** The HOA Sale Plaintiff of its right to due process because the foreclosure notices

1  failed to identify that an attempt to pay the super-priority amount had been made.

2  **44.** A homeowner's association sale must be done in a commercially reasonable
3  manner.

4  **45.** At the time of the HOA Sale, the amount owed on the Stoldal Loan exceeded
5  $75,000.00.

6  **46.** Upon information and belief, at the time of the HOA Sale, the fair market value of
7  the Property exceeded $68,000.00.

8  **47.** The amount paid at the HOA Sale allegedly totaled $5,410.00.

9  **48.** The HOA Sale was not commercially reasonable, and the HOA Sale was not done
10 in good faith, in light of the sale price, and the market value of the Property, and the errors
11 alleged above.

12 **49.** The circumstances of the HOA Sale of the Property breached the HOA's
13 obligations of good faith under NRS 116.1113 and its duty to act in a commercially reasonable
14 manner.

15 **50.** The HOA Sale by which Buyer took its interest was commercially unreasonable if
16 it extinguished Plaintiff's Deed of Trust.

17 **51.** In the alternative, the HOA Sale was an invalid sale and could not have
18 extinguished Plaintiff's secured interest because it was not a commercially reasonable sale.

19 **52.** Without providing Plaintiff, or its predecessors, agents, servicers or trustees,
20 notice of the correct super-priority amount and a reasonable opportunity to satisfy that amount,
21 including its failure to identify the super-priority amount and its failure to adequately describe
22 the deficiency in payment as required by Nevada law, the HOA Sale is commercially
23 unreasonable and deprived Plaintiff of its right to due process.

24 **53.** Pursuant to NRS 116.31162(1) an association may only proceed with foreclosure
25 under NRS 116.31162-116.31168 if the declaration or CC&Rs so provide.

26 **54.** The CC&Rs for the HOA provide in Section 3.9.: "The lien of the assessments,
27 including interest, costs, (including attorneys fees), provided for herein shall be subordinate to
28

the lien of any first mortgage upon any condominium."[9]

55. Because the recorded CC&Rs contained a Mortgagee Protection Clause, and because Plaintiff, or its predecessors, agents, servicers or trustees, were not given proper notice that the HOA intended to foreclose on the super-priority portion of the dues owe, Plaintiff did not know that it had to attend the HOA Sale to protect its security interest.

56. Because the recorded CC&Rs contained a Mortgagee Protection Clause, and because proper notice that the HOA intended to foreclose on the super-priority portion of the dues owing was not given, prospective bidders did not appear for the HOA Sale, making the HOA Sale commercially unreasonable.

57. Defendants knew that Plaintiff would rely on the Mortgagee Protection Clause contained in the recorded CC&Rs which are of public record, and knew that Plaintiff would not know that HOA was foreclosing on super-priority amounts because of the failure of HOA and HOA Trustee to provide such notice. Plaintiff's absence from the HOA Sale allowed Buyer to appear at the HOA Sale and purchase the Property for a fraction of market value, making the HOA Sale commercially unreasonable.

58. Defendants knew that prospective bidders would be less likely to attend the HOA Sale because the public at large believed that Plaintiff was protected under the Mortgagee Protection Clause in the CC&Rs of public record, and that the public at large did not receive notice, constructive or actual, that the HOA was foreclosing on a super-priority portion of its lien because HOA and HOA Trustee improperly failed to provide such notice. The general public's belief therefore was that a buyer at the HOA Sale would take title to the Property subject to Plaintiff's Deed of Trust. This general belief resulted in the absence of prospective bidders at the HOA Sale, which allowed Buyer to appear at the HOA Sale and purchase the Property for a fraction of market value, making the HOA Sale commercially unreasonable.

59. The circumstances of the HOA Sale of the Property breached the HOA's and the HOA Trustee's obligations of good faith under NRS 116.1113 and their duty to act in a commercially reasonable manner.

---

[9] See HOA CC&R's attached hereto as **Exhibit 8**.

60. Upon information and belief, Buyer is in the business of buying and selling real estate and/or is otherwise a professional property purchaser, and either knew or should have known of defects with the HOA Sale based on the sales price, among other factors.

61. The circumstances of the HOA Sale of the Property and Buyer's status as a professional property purchaser prevents Buyer from being deemed a bona fide purchaser for value.

62. Upon information and belief, Buyer had actual, constructive or inquiry notice of Plaintiff's first Deed of Trust, and the CC&Rs including the Mortgage Protection Clause which prevents Buyer from being deemed a bona fide purchaser or encumbrancer for value.

63. Upon information and belief, Buyer knew or should have known that it would not be able to obtain insurable title to the Property as a result of the HOA Sale.

64. As a direct and proximate result of the foregoing, Buyer is not entitled to bona fide purchaser protection.

65. In the event Plaintiff's interest in the Property is not reaffirmed nor restored, Plaintiff suffered damages in the amount of the fair market value of the Property or the unpaid balance of the Stoldal Loan and Deed of Trust, at the time of the HOA Sale, whichever is greater, as a proximate result of Defendant's acts and omissions.

**FIRST CAUSE OF ACTION**
**(Quiet Title/Declaratory Relief Pursuant to 28 U.S.C. § 2201, NRS 30.010 et seq., and NRS 40.010)**

66. Plaintiff incorporates and re-alleges all previous paragraphs, as if fully set forth herein.

67. Pursuant to 28 U.S.C. § 2201, NRS 30.010 et seq., and NRS 40.010, this Court has the power and authority to declare Plaintiff's rights and interests in the Property and to resolve Defendant's adverse claims in the Property.

68. Further, pursuant to NRS 30.010 et seq., this Court has the power and authority to declare the rights and interests of the parties following the acts and omissions of the HOA and HOA Trustee in foreclosing the Property.

69. Plaintiff's Deed of Trust is the first secured interest on the Property as intended by

1  and whose priority is protected by NRS 116.3116(2)(b).

2  **70.** Upon information and belief, Buyer claims an interest in the Property through a
3  Foreclosure Deed recorded in the Clark County Recorder's Office as Book and Instrument
4  Number 20130321-0003011 that is adverse to Plaintiff's interest.

5  **71.** Plaintiff is the current beneficiary under the Deed of Trust and the Stoldal Loan
6  and is entitled to enforce its interest and first position status in the chain of title against Buyer, or
7  any successor in interest, for the reasons alleged herein.

8  **72.** Because the CC&Rs and the Mortgage Protection Clause did not provide the
9  HOA with authority to foreclose on the Property, the HOA Sale could not have extinguished the
10 Deed of Trust or displaced it from its first position status in the chain of title, such that Buyer
11 took subject to the Deed of Trust. Or in the alternative, the HOA Sale is void, invalid and/or
12 should be set aside.

13 **73.** Because, upon information and belief, the HOA and the HOA Trustee failed to
14 provide proper, adequate and sufficient notices required by Nevada law and the CC&Rs, the
15 HOA Sale could not have extinguished the Deed of Trust or displaced it from its first position
16 status in the chain of title, such that Buyer took subject to the Deed of Trust. Or in the
17 alternative, the HOA Sale is void, invalid and/or should be set aside.

18 **74.** Based on the adverse claims being asserted by the parties, Plaintiff is entitled to a
19 judicial determination regarding the rights and interests of the respective parties to the case.

20 **75.** A justiciable controversy exists between Plaintiff and Defendant and Plaintiff has
21 a legally protectable interest in the controversy. The issue is ripe for judicial determination.

22 **76.** For all the reasons set forth above and in the Factual Background, Plaintiff is
23 entitled to a determination from this Court, pursuant to 28 U.S.C. § 2201, NRS 30.010 and NRS
24 40.010, that Plaintiff is the beneficiary of a first position Deed of Trust which still encumbers the
25 Property.

26 **77.** Based upon the foregoing, Plaintiff is entitled to a determination from this Court,
27 pursuant to 28 U.S.C. § 2201, NRS 30.010 and NRS 40.010, that the purported HOA Sale did
28 not extinguish the Deed of Trust because it was conducted in violation of NRS 116.3116 *et seq.*

and the CC&Rs.

**78.**     Plaintiff is entitled to a determination from this Court, pursuant to 28 U.S.C. § 2201, NRS 30.010 and NRS 40.010, that Plaintiff's secured interest by virtue of its Deed of Trust is superior to the interest, if any, acquired by Buyer through the Foreclosure Deed and all other parties, if any.

**79.**     In the alternative, if it is found under state law that Plaintiff's interest could have been extinguished by the HOA Sale, for all the reasons set forth above and in the Factual Background, Plaintiff is entitled to a determination from this Court, pursuant to 28 U.S.C. § 2201, NRS 30.010 and NRS 40.010, that the HOA Sale was void, invalid and/or should be set aside and conveyed no legitimate interest to Buyer.

**80.**     Plaintiff has been compelled to retain counsel to represent it in this matter and has and will continue to incur attorney's fees and costs.

## SECOND CAUSE OF ACTION
**(Declaratory Relief Under Amendments V and XIV
to the United States Constitution – Against All Defendants)**

**81.**     Plaintiff incorporates and re-alleges all previous paragraphs, as if fully set forth herein.

**82.**     Pursuant to 28 U.S.C. § 2201, this Court is empowered to declare the rights and legal relations of the parties in this matter, both generally and in relation to the foreclosure sale and the Property.

**83.**     On its face, NRS 116.3116 *et seq.*, prior to its amendment effective October 1, 2015, violated Plaintiff's constitutional rights to due process secured by the Fifth and Fourteenth Amendments to the United States Constitution. *See Bourne Valley Court Trust v. Wells Fargo Bank*, *N.A.*, 832 F.3d 1154 (9th Cir. 2016).

**84.**     Any purported notice provided was inadequate, insufficient, and in violation of Plaintiff's rights to due process.

**85.**     An actual and justiciable controversy exists between Plaintiff and Defendants regarding the purported HOA Sale and the rights associated with the HOA Sale.

1    **86.**    Without declaratory relief interpreting the constitutional validity of NRS

2   116.3116 *et seq.* prior to its amendment effective October 1, 2015, Plaintiff's rights will be

3   adversely affected.

4    **87.**    Plaintiff is entitled to a declaration that the purported HOA Sale conducted under

5   NRS 116.3116 *et seq.* did not extinguish the Deed of Trust, which continued as a valid

6   encumbrance against the Property.

7    **88.**    Based upon the foregoing, Plaintiff requests an order declaring that the purported

8   HOA Sale did not extinguish the Deed of Trust because it was conducted under NRS 116.3116 *et*

9   *seq.* prior to its amendment effective October 1, 2015, which on its face violated Plaintiff's rights

10  to due process under the Fifth and Fourteenth Amendments to the United States Constitution.

11    **89.**    Plaintiff has been compelled to retain counsel to represent it in this matter and has

12  and will continue to incur attorney's fees and costs.

### THIRD CAUSE OF ACTION
**(Quiet Title Under the Amendments V and XIV
to the United States Constitution – Against Buyer)**

**90.**    Plaintiff incorporates and re-alleges all previous paragraphs, as if fully set forth

herein.

**91.**    Pursuant to 28 U.S.C. § 2201 and NRS 40.010, this Court is empowered to

declare the rights and legal relations of the parties in this matter, both generally and in relation to

the foreclosure sale and the Property.

**92.**    The Deed of Trust is a first secured interest in the Property.  Plaintiff owns the

Deed of Trust and is beneficiary of record of the Deed of Trust.

**93.**    Buyer claims an interest in the Property through the Foreclosure Deed which is

adverse to Plaintiff's interest.

**94.**    On its face, NRS 116.3116 *et seq.*, prior to its amendment effective October 1,

2015, violated Plaintiff's constitutional rights to due process secured by the Fifth and Fourteenth

Amendments to the United States Constitution and thus did not extinguish the Deed of Trust.

*See Bourne Valley Court Trust v. Wells Fargo Bank*, *N.A.*, 832 F.3d 1154 (9th Cir. 2016).

**95.** Any purported notice provided was inadequate, insufficient, and in violation of Plaintiff's rights to due process under the Fifth and Fourteenth Amendment to the United States Constitution.

**96.** Based on the adverse claims being asserted by the parties, Plaintiff is entitled to a judicial determination that the Deed of Trust continues to encumber the Property after the HOA Sale and subsequent transfer via the Foreclosure Deed.

**97.** Plaintiff is entitled to a determination that the HOA Sale (and any subsequent transfers) did not convey the Property free and clear of the Deed of Trust to the Buyer at the HOA Sale, and thus that any interest acquired by Buyer is subject to the Deed of Trust.

**98.** Plaintiff has been compelled to retain counsel to represent it in this matter and has and will continue to incur attorney's fees and costs.

### **FOURTH CAUSE OF ACTION**
**(Permanent and Preliminary Injunction versus Buyer)**

**99.** Plaintiff incorporates by reference the allegations of all previous paragraphs, as if fully set forth herein.

**100.** As set forth above, Buyer may claim an ownership interest in the Property that is adverse to Plaintiff.

**101.** Any sale or transfer of the Property, prior to a judicial determination concerning the respective rights and interests of the parties to the case, may be rendered invalid if Plaintiff's Deed of Trust still encumbered the Property in first position and was not extinguished by the HOA Sale.

**102.** Plaintiff has a reasonable probability of success on the merits of the Complaint, for which compensatory damages will not compensate Plaintiff for the irreparable harm of the loss of title to a bona fide purchaser or loss of the first position priority status secured by the Property.

**103.** Plaintiff has no adequate remedy at law due to the uniqueness of the Property involved in the case.

**104.** Plaintiff is entitled to a preliminary injunction and permanent injunction

1  prohibiting Buyer, its successors, assigns, and agents from conducting any sale, transfer or
2  encumbrance of the Property if it is claimed to be superior to Plaintiff's Deed of Trust or not
3  subject to that Deed of Trust.
4       **105.**    Plaintiff is entitled to a preliminary injunction requiring Buyer to pay all taxes,
5  insurance and homeowner's association dues during the pendency of this action.
6       **106.**    Plaintiff is entitled to a preliminary injunction requiring Buyer to segregate and
7  deposit all rents with the Court or a Court-approved trust account over which Buyer has no
8  control during the pendency of this action.
9       **107.**    Plaintiff has been compelled to retain counsel to represent it in this matter and has
10  and will continue to incur attorney's fees and costs.

**FIFTH CAUSE OF ACTION**
**(Unjust Enrichment versus Buyer)**

     **108.**    Plaintiff incorporates and re-alleges all previous paragraphs, as if fully set forth herein.

     **109.**    Plaintiff has been deprived of the benefit of its secured deed of trust by the actions of Buyer.

     **110.**    Buyer has benefitted from the unlawful HOA Sale and nature of the real property.

     **111.**    Buyer has benefitted from Plaintiff's payment of taxes, insurance or homeowner's association assessments since the time of the HOA Sale.

     **112.**    Should Plaintiff's Complaint be successful in quieting title against Buyer and setting aside the HOA Sale, Buyer will have been unjustly enriched by the HOA Sale and usage of the Property.

     **113.**    Plaintiff will have suffered damages if Buyer is allowed to retain its interest in the Property.

     **114.**    Plaintiff will have suffered damages if Buyer is allowed to retain its interest in the Property and the benefit of Plaintiff's payment of taxes, insurance or homeowner's association assessments since the time of the HOA Sale.

     **115.**    Plaintiff is entitled to general and special damages.

**116.** Plaintiff has been compelled to retain counsel to represent it in this matter and has and will continue to incur attorney's fees and costs.

### PRAYER

Wherefore, Plaintiff prays for judgment against the Defendant as follows:

1. For a declaration and determination that Plaintiff's interest is secured against the Property, and that Plaintiff's first Deed of Trust was not extinguished by the HOA Sale;

2. For a declaration and determination that Buyer's interest, and any and all successors' interest, in the Property, if any, is subject to the Deed of Trust;

3. For a declaration and determination that the HOA Sale was invalid to the extent it purports to convey the Property free and clear to Buyer;

4. In the alternative, for a declaration and determination that the HOA Sale was void, invalid and/or should be set aside and conveyed no legitimate interest to Buyer;

5. In the alternative, for a declaration and determination that the HOA Foreclosure Sale did not extinguish the Deed of Trust because it was conducted under a statute that facially violated Plaintiff's rights to due process;

6. For a preliminary injunction that Buyer, its successors, assigns, and agents are prohibited from conducting a sale or transfer of the Property and representing the sale is free and clear of the Deed of Trust, unless Buyer tenders payment of the debt secured by the Deed of Trust, or from encumbering the Property during the pendency of this action;

7. For a preliminary injunction that Buyer, its successors, assigns, and agents pay all taxes, insurance and homeowner's association dues during the pendency of this action;

8. For a preliminary injunction that Buyer, its successors, assigns, and agents be required to segregate and deposit all rents with the Court or a Court-approved trust account over which Buyer have no control during the pendency of this

|  |  |  |
|---|---|---|
| 1 |  | action; |
| 2 | 9. | If it is determined that Plaintiff's Deed of Trust has been extinguished by the |
| 3 |  | HOA Sale, for special damages in the amount of the fair market value of the |
| 4 |  | Property or the unpaid balance of the Stoldal Loan and Deed of Trust, at the time |
| 5 |  | of the HOA Sale, whichever is greater; |
| 6 | 10. | For general and special damages; |
| 7 | 11. | For attorney's fees; |
| 8 | 12. | For costs incurred herein, including post-judgment costs; and |
| 9 | 13. | For any and all further relief deemed appropriate by this Court. |

DATED this __2nd__ day of February, 2017.

                                            WRIGHT, FINLAY & ZAK, LLP

                                            */s/ Shadd A. Wade, Esq.*
                                            Dana Jonathon Nitz, Esq.
                                            Nevada Bar No. 0050
                                            Shadd A. Wade, Esq.
                                            Nevada Bar No. 11310
                                            *Attorneys for Plaintiff, HSBC Bank USA, N.A., as Trustee on behalf of ACE Securities Corp. Home Equity Loan Trust and for the registered holders of ACE Securities Corp. Home Equity Loan Trust, Series 2006-ASAP4, Asset Backed Pass-Through Certificates*

**HSBC BANK USA, N.A.**

**v.**

**WILLISTON INVESTMENT GROUP LLC, et al.**

**EXHIBIT LIST**

| NO. | DOCUMENT |
|---|---|
| 1. | Grant, Bargain and Sale Deed |
| 2. | Deed of Trust |
| 3. | Assignment |
| 4. | Notice of Delinquent Assessment (Lien) |
| 5. | Notice of Default |
| 6. | Notice of Foreclosure Sale |
| 7. | Foreclosure Deed |
| 8. | HOA's CC&R's |