# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

HSBC BANK USA, N.A.,

        Plaintiff,

vs.

WILLISTON INVESTMENT GROUP, LLC, et al.,

        Defendants.

Case No. 2:17-cv-00331-JCM-CWH

**REPORT & RECOMMENDATION**

Presently before the court is Defendant Chateau Bordeaux Owners' Association's Motion for Leave to File Cross Complaint Against Defendant Nevada Association Services, Inc. (ECF No. 19), filed on May 17, 2017. No responses were filed.

This case arises out of a dispute regarding a homeowner's association's foreclosure sale of a residential property that occurred in 2013. Plaintiff HSBC Bank USA, N.A. filed a complaint naming Chateau Bordeaux Owners' Association ("HOA"), Nevada Association Services, Inc., and Williston Investment Group, LLC, as defendants in this case. (Compl. (ECF No. 1).) Plaintiff subsequently filed a notice of voluntary dismissal of Nevada Association Services. (Notice of Voluntary Dismissal (ECF No. 10)). The HOA now requests leave of the court to bring a cross-complaint[1] against Nevada Association Services, which the HOA states is the company that it hired to collect delinquent assessments relating to the property and that acted as the foreclosing trustee. The HOA argues that Nevada Association Services has superior knowledge of the facts and circumstances relating to this case and that adding it as a party serves judicial economy.

---

[1] Given that Nevada Association Services is no longer a party to this case, it is unclear to the court whether the HOA is attempting to bring a crossclaim against Nevada Association Services under Rule 13(g) or 13(h) of the Federal Rules of Civil Procedure, or whether the HOA means to bring a third-party complaint under Rule 14. The HOA did not provide the court with legal authority on this issue. Regardless, the court need not reach this issue given that it is recommending that the motion be denied.

Generally, a party may amend its pleading once "as a matter of course" within twenty-one days of serving it, or within twenty-one days after service of a responsive pleading or motion under Rule 12(b), (e), or (f). Fed. R. Civ. P. 15(a)(1). Otherwise, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.*; *Foman v. Davis*, 371 U.S. 178, 182 (1962). "The court considers five factors in assessing the propriety of leave to amend—bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011). It is within the district court's discretion to determine whether to grant leave to amend, and "[a] district court does not err in denying leave to amend where the amendment would be futile." *Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009).

Here, there is no indicia of bad faith and the HOA has not previously amended its pleading. Thus, the relevant questions are whether there was undue delay, whether amendment would prejudice Nevada Association Services, and whether amendment would be futile. Regarding undue delay, the HOA does not explain why it waited until the final day under the scheduling order for moving to amend the pleadings or to add parties to bring its motion. (*See* Scheduling Order (ECF No. 16) at 2.) Nevada Association Services previously was a party in this case, and the HOA claims that Nevada Association Services was its agent during the foreclosure proceedings in 2013. Thus, the HOA knew about Nevada Association Service's existence and involvement in this matter long before the commencement of this case. Given that Nevada Association Services previously was dismissed from the case, it would be prejudiced by having to participate in this case, particularly with only approximately two months of discovery remaining. Regarding futility, the HOA does not provide points and authorities on this factor and therefore consents to a denial of its motion on that point. *See* LR 7-2(d) (stating that "[t]he failure of a moving party to file points and authorities in support of the motion constitutes a consent to the denial of the motion."). Weighing the factors, the court finds that it is not proper to amend under these circumstances and therefore will recommend denial of the HOA's motion.

///

IT IS THEREFORE RECOMMENDED that Defendant Chateau Bordeaux Owners' Association's Motion for Leave to File Cross Complaint Against Defendant Nevada Association Services, Inc. (ECF No. 19) be DENIED.

**NOTICE**

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: June 8, 2017

**C.W. Hoffman, Jr.**
**United States Magistrate Judge**